UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr189-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | |
| ) | **PRELIMINARY ORDER** |
| v. ) | **OF FORFEITURE** |
| ) | |
| (3) MARVIN SUNTATE MOBLEY, ) | |
| ) | |
| Defendant. ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of criminal proceeds and specific property used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 21 U.S.C. § 853.

Defendant was subsequently convicted by a jury on Counts One and Three and was adjudged guilty of the offenses charged in those counts. The defendant waived jury determination of forfeiture and has not responded to the government's motion for forfeiture. Therefore, the matter is ripe for disposition.

Based on evidence already in the record, including the trial evidence, the government has established the proceeds amount to be forfeited under Count One and the requisite nexus between the sum of $30,540 in seized currency and the related offense charged in Count Three.

It is therefore ORDERED:

1. Defendant is ordered to forfeit the sum of $125,000, representing proceeds of the drug conspiracy charged in Count One, to be entered as a money judgment at sentencing.

2. Based upon defendant's conviction, the United States is authorized to seize the following property belonging to defendant and/or co-defendant Silas Mobley, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21

U.S.C. § 853(n): the sum of $30,540 in United States currency seized on June 1, 2009, near the intersection of Westinghouse Boulevard and Granite Road in Charlotte, North Carolina, from a vehicle operated by co-defendant.

    3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    4. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge